# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

**KEVIN EVANS,**

    **Plaintiff,**

**v.**                                                    **Case No.: 3:12cv489/MCR/EMT**

**ZURICH AMERICAN**
**INSURANCE COMPANY,**

    **Defendant.**
_____/

## ORDER

The plaintiff initiated this action in the Circuit Court in and for Escambia County, Florida, alleging that the defendant wrongfully denied him disability benefits. The defendant removed the matter to this court (doc. 1), invoking the court's diversity jurisdiction. The plaintiff has filed a motion to remand (doc. 6), arguing that the amount in controversy requirement is not satisfied and that the court therefore lacks jurisdiction over the matter. For the reasons set forth below, the court agrees and finds that the case should be remanded to the state court from which it was removed.

**BACKGROUND**

According to the complaint, the plaintiff sustained serious injuries on or about June 12, 2010, when the 18-wheeler he was driving flipped. At the time of the accident, the plaintiff was covered under a Truckers Occupational Accident Insurance policy issued by the defendant. The policy provides temporary total disability benefits for a period of up to 104 weeks and continuous total disability benefits until the age of 70. The plaintiff claims that he erroneously was denied benefits from August 20, 2010, through January 12, 2011, and from May 31, 2011, through the present. The plaintiff seeks payment of the alleged wrongfully denied benefits, as well as prejudgment interest, attorney's fees, and costs. The defendant removed the matter to this court, asserting there is complete diversity of

citizenship between the parties and that the amount in controversy exceeds $75,000, exclusive of interest and costs.[1] The plaintiff has moved for remand, insisting that the amount in controversy requirement is not met. Based on a review of the complaint and the documents attached thereto, as well as the defendant's removal papers, the court agrees.

**DISCUSSION**

Any civil action filed in state court may be removed to federal court by the defendant if the case originally could have been brought in federal court. *See* 28 U.S.C. § 1441(a). In the diversity context, federal courts have jurisdiction when the parties are completely diverse and the amount-in-controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). In this case, the parties do not dispute that there is complete diversity of citizenship between them; rather, they disagree as to whether the amount in controversy requirement has been satisfied. The court determines whether the amount-in-controversy requirement is satisfied at the time of removal. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010). When the amount of damages is not specified in the state court complaint, "'a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement.'" *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (internal marks omitted). "In some cases, this burden requires the removing defendant to provide additional evidence demonstrating that removal is proper." *Id.* "In other cases, however, it may be facially apparent from the pleading itself that the amount in controversy exceeds the jurisdictional minimum, even when the complaint does not claim a specific amount of damages." *Id.* (internal marks omitted). If removal is based on a document other than the plaintiff's initial pleading, the document, along with the notice of removal, must "unambiguously establish federal jurisdiction." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1213 (11th Cir. 2007). In other words, if the jurisdictional amount is not clear from the face of or readily deducible from the removing documents, the court must remand the matter.

---

[1] The plaintiff is a Florida resident. According to the Notice of Removal, the defendant is a corporation organized and existing under the laws of the State of New York with its principal place of business in Schaumburg, Illinois.

Case No. 3:12cv489/MCR/EMT

*Id.* at 1211; *see also Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir.1999) ("Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly. Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court.") (internal citations omitted); *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1373 (11th Cir.1998) ("We construe removal jurisdiction narrowly and resolve any doubts regarding the existence of federal jurisdiction in favor of the non-removing party, in this case the plaintiffs.").

In his complaint, the plaintiff seeks benefits under the plan from August 20, 2010, through January 12, 2011, and from May 31, 2011, to the present. Although he alleges that his damages "exceed the sum of Fifteen Thousand Dollars ($15,000), exclusive of costs, interest, and attorneys' fees," he does not specify the amount of benefits he seeks. In its notice of removal, the defendant acknowledges that the amount in controversy cannot be determined from the face of the plaintiff's complaint. In asserting that the amount in controversy exceeds $75,000, the defendant relies on correspondence from plaintiff's counsel in which plaintiff's counsel rejected, on behalf of his client, the defendant's offer to settle the plaintiff's claims for $15,000. In the letter, plaintiff's counsel opined that the defendant's legal exposure in the case exceeds $75,000 and offered to settle the plaintiff's claims for $50,000. Contrary to the defendant's assertions, plaintiff's counsel's letter does not unambiguously establish that the amount in controversy requirement has been satisfied. Indeed, the letter to which the defendant refers was written in response to the defendant's offer to settle "all claims asserted in the complaint and of any and all claims and rights he may have under the policy." As the plaintiff points out, in his complaint, he asserts claims only for benefits owed through the present. The amount of those benefits, through the date of the filing of the complaint, is $40,500.[2] The amount of benefits, to date, is approximately $52,000. In opining that the defendant's exposure exceeds $75,000, therefore, plaintiff's counsel clearly included amounts in excess of those owed at the time the case was removed, which amounts cannot be considered when determining the

---

[2] Under the policy, a copy of which is attached to the complaint, the plaintiff is entitled to $500 per week in disability benefits.

Case No. 3:12cv489/MCR/EMT

amount in controversy. *See Tober v. Transamerica Life Ins. Co.*, No. 12-21612, 2012 WL 2413766, at *2 (S.D. Fla. June 26, 2012) ("As a general rule, future potential benefits may not be taken into consideration in determining the amount in controversy when a plaintiff seeks to recover unpaid benefits under an insurance policy and does not challenge the validity of the policy.").[3] Moreover, while plaintiff's counsel opined that the defendant's exposure exceeds $75,000, he offered to settle the plaintiff's claims for $50,000. The court thus finds that plaintiff's counsel's correspondence does not "unambiguously establish federal jurisdiction" and that the defendant therefore has failed to carry its burden of establishing the jurisdictional amount by a preponderance of the evidence. *See Lowery*, 483 F.3d at 1213. Accordingly, the case must be remanded. *See id.; see also Am. Tobacco Co.*, 168 F.3d at 411; *Pacheco de Perez*, 139 F.3d at 1373.

**CONCLUSION**

For the reasons set forth above, the plaintiff's motion to remand (doc. 6) is **GRANTED**. The clerk of court is hereby directed to remand this action to the state court from which it was removed.

**DONE AND ORDERED** this 5th day of December, 2012.

s/ *M. Casey Rodgers*
**M. CASEY RODGERS**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[3] Although the plaintiff seeks attorney's fees, there is no indication that he is entitled to them under the policy or by statute. As a result, attorney's fees cannot be considered for purposes of determining whether the amount in controversy requirement is met. *See Tober*, 2012 WL 2413766, at *3 ( "The general rule is that attorneys fees do not count towards the amount in controversy unless they are allowed for by statute or contract."). Even if attorney's fees could be considered, the defendant has offered no evidence of the amount of such fees. *See id.*